IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL F. SELF,

                 Plaintiff,

    v.

DAN CROMWELL, TIMOTHY THOMAS,
ANNA BARRETT, MS. MONAHAN,
C.O. ZANT, CAPTAIN RAHLF,                                          ORDER
LT. MULLER, RICHARD GIROUX,
MR. INGENTHRON, BRITTANY BIRDSILL,                  24-cv-365-wmc
ROBERT DOYLE, B. JEFFERIES,
K. SPLETTER, LT. MILLER, CAPTAIN
KORISH, CAPTAIN SUBJEK, and the
NEW LISBON CORRECTIONAL
INSTITUTION,

                 Defendants.

---

Plaintiff Carl F. Self, a state inmate incarcerated at the Columbia Correctional Institution who represents himself, has filed a 24-page complaint against 16 individual defendants and the New Lisbon Correctional Institution, regarding a series of unrelated incidents. (Dkt. #10.) For reasons explained below, the amended complaint will be dismissed with leave to further amend.

Because plaintiff is incarcerated, this action is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to pay the full amount of the filing fee for each action and appeal. 28 U.S.C. § 1915(b). District courts have an obligation under the PLRA, 28 U.S.C. § 1915A(b), to screen a every prisoner complaint and to dismiss the action if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. *See also* 28 U.S.C. § 1915(e)(2)(B);

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). If a prisoner incurs three dismissals for filing an action that is found to be frivolous or fails to state a claim, he may be barred under the PLRA from proceeding without prepayment of the filing fee in future cases. 28 U.S.C. § 1915(g).

When reviewing submissions filed by a pro se litigant, courts must apply a less stringent standard than pleadings drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Nevertheless, pro se litigants are required to comply with the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). When a prisoner files a multi-claim complaint against multiple defendants, the court must consider whether the complaint complies with the federal pleading rules on joinder. *See George v. Smith*, 507 F.3d 605, 607 (5th Cir. 2007). A party may assert as many claims as it has against another party. Fed. R. Civ. P. 18(a). But individuals may be joined in one action as defendants only if a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," *and* there is a "question of law or fact common to all defendants[.]" Fed. R. Civ. P. 20(a)(2). Rule 20 mandates that "[u]nrelated claims against different defendants belong in different suits[.]" *George*, 507 F.3d at 607.

Similar to the original complaint, plaintiff's amended complaint attempts to raise numerous claims concerning unrelated instances of harassment, retaliation, false imprisonment, denial of access to courts, violations of the attorney client privilege, due process violations, "and much more." (Dkt. #10, at 3.) Review of the amended complaint shows that these claims relate to various incidents occurring on multiple occasions at the

New Lisbon Correctional Institution in 2023 and 2024.[1]  Plaintiff does not establish that his claims stem from the same event or feature questions of law and fact that are common to all of the named defendants.  As such, his pleadings do not comply with Rule 20.

The Seventh Circuit has urged district courts to beware of "'scattershot' pleading strategies" by prisoners attempting to circumvent restrictions found in the PLRA and has encouraged dismissal of "'omnibus' complaints" raising claims about unrelated conduct against unrelated defendants.  *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018) (citations omitted).  For this reason, the court will dismiss the amended complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure.

To proceed plaintiff must file a second amended complaint.  That amended complaint must comply with Rule 20 by focusing on a claim or set of claims stemming from one transaction or occurrence and which features questions of law and fact that are common to all named defendants.  Plaintiff must file his amended complaint on the court's prisoner complaint form, which will be provided by the clerk's office, or he may use any similar form available at the prison library.  If plaintiff needs any further space to present his claims, he may submit no more than eight supplemental pages which should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

---

[1] Plaintiff has named the New Lisbon Correctional Institution, which is a prison facility, as a defendant.  (Dkt. #10.)  Only "persons" are subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  A prison facility may not be sued because it is a building and not a person. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, . . . a building is not a person capable of being sued under § 1983.").  Therefore, this facility is not a proper party.

In drafting his amended complaint, plaintiff should be mindful that, to state a claim, his pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d).  Plaintiff should identify the claims he wishes to allege in the amended complaint but should omit any legal arguments.  Plaintiff may join multiple defendants only when his claims against each one "arise from the same set of events and share a common question of law or fact." *Mitchell*, 895 F.3d at 502-03 (citing Fed. R. Civ. P. 20(a)(2)(A)).

Plaintiff should carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.  Plaintiff must briefly explain what each defendant did, or failed to do, to violate his rights, and should avoid referring to defendants collectively.  Plaintiff should also identify by full name all the individuals he wishes to sue in the amended complaint's caption.  To the extent possible, plaintiff should identify each defendant by the individual's full name.

ORDER

IT IS ORDERED that:

1. Plaintiff Carl F. Self's amended complaint (dkt. #10) is DISMISSED without prejudice for failure to comply with the Federal Rules of Civil Procedure.

2. Within thirty days of the date of this order, plaintiff shall file an amended complaint that addresses the deficiencies outlined in this Order and complies with Fed. R. Civ. P. 20.  This amended complaint will act as a complete substitute for his previous complaints and will be subject to screening under 28 U.S.C. § 1915A(b).

3.  If plaintiff fails to comply as directed, this case will be dismissed pursuant to Fed. R. Civ. P. 41(b).

4.  The clerk's office shall provide plaintiff with a copy of the court's form for use by prisoners filing suit under 42 U.S.C. § 1983, which is available on the court's public website.

Entered this 8th of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge